IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:16-CR-105 |
| v. | ) Judge Dan Aaron Polster |
| RINALD TURHANI, | ) **OPINION AND ORDER** |
| Defendant. | ) |

## MEMORANDUM

Before the Court is Defendant Rinald Turhani's Emergency Motion for Immediate Sentence Modification to Home Confinement, **Doc #: 108**. Turhani was sentenced to 108 months custody of the Bureau of Prisons after pleading guilty to possession with intent to distribute and conspiracy to distribute a controlled substance. Doc #: 62. He is currently being held at Elkton Federal Correctional Institute ("Elkton"). Citing the spread of COVID-19 at Elkton, Turhani requests the Court grant him home confinement under 18 U.S.C. § 3582(c)(1)(A). Doc #: 108 at 7-8. Turhani is 41 years old and does not claim to be at high risk of COVID-19. Doc #: 108 at 2. The Government filed a response in opposition. Doc #: 109.

A court may consider a motion for sentence modification upon:

1

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Turhani acknowledges that he has not satisfied these exhaustion requirements, but assets that the requirements can be waived. Doc #: 108 at 3.

Turhani is wrong. Courts may not waive statutory exhaustion requirements. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).

Turhani's reliance on *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019) does not change this statement of law. *Barr* involved a judge-made exhaustion requirement to the Controlled Substances Act. *Id.* at 115. The court applied the judge-made exhaustion requirement because doing so is consistent with congressional intent. *Id.* at 116. The court then acknowledged that "even where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." *Id.* at 118. Accordingly, the court analyzed whether the exhaustion requirement should be waived. *Id.* at 118-119. Thus, *Barr* stands for the proposition that judge-made exhaustion requirements may be waived even when those requirements are consistent with a statute.

Even had *Barr* found that courts may waive statutory exhaustion requirements, it is nonbinding and would be inconsistent with the Supreme Court's opinion in *Ross*. Indeed, at least one other district court within the Sixth Circuit has concluded that courts lack authority to waive statutory exhaustion requirements even in light of COVID-19. *United States v. Alma*, 2020 U.S. Dist. LEXIS 61588, at *6-7 (E.D. Mich. 2020).

Here, the exhaustion requirements are mandated by § 3582(c)(1)(A). Turhani has not satisfied, and Court does not have the authority to waive, these statutory exhaustion

requirements. Thus, the Court cannot review Turhani's Emergency Motion for Immediate Sentence Modification to Home Confinement, **Doc #: 108**, and so the same is **DENIED**.

    **IT IS SO ORDERED.**


                                          */s/ Dan Aaron Polster April 23, 2020*
                                          **Dan Aaron Polster**
                                          **United States District Judge**