# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:16-CR-105 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| RINALD TURHANI, | ) **OPINION AND ORDER** |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Before the Court is Defendant Rinald Turhani's Motion for Reconsideration, **Doc #: 111**. Previously, Turhani requested that the Court grant him home confinement under 18 U.S.C. § 3582(c)(1)(A) so that he can escape the outbreak of COVID-19 at Elkton Federal Correctional Institute ("Elkton"), where he is held. Doc #: 108 at 7-8. Turhani acknowledged that he had not satisfied the exhaustion requirement contained in § 3582(c)(1)(A), but argued that the Court could review his motion anyway because the Court has authority under *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019) to waive the exhaustion requirement. Doc #: 108 at 3-4. The Court denied Turhani's request because it found that courts do not have authority to waive statutory exhaustion requirements. Doc #: 110 at 2-3.

1

Turhani now asserts that § 3582(c)(1)(A)'s exhaustion requirement is actually an exhaustion requirement and a timeliness statute. Doc #: 111 at 2. As equitable exceptions apply to timeliness statutes, Turhani contends that the Court can waive § 3582(c)(1)(A)'s exhaustion requirement. Doc #: 111 at 2.

"Courts should not reconsider prior decisions where the motion for reconsideration . . . proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008) (citing *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, 2007 U.S. Dist., LEXIS 85094 (S.D. Ohio 2007). Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Id.*

Here, Turhani's Motion for Reconsideration contains a new argument for the Court's authority to waive § 3582(c)(1)(A)'s exhaustion requirements. Controlling law has not changed. Section 3582(c)(1)(A)'s structure and substance have not been amended and neither the Supreme Court or the Sixth Circuit have issued opinions on waiving statutory exhaustion requirements. Plaintiff also cites to no new evidence in making their new legal argument.

The last situation justifying reconsideration warrants more discussion. There is no need to correct clear error. Indeed, courts across the nation are split on whether they may waive § 3582(c)(1)(A)'s exhaustion requirement. *Compare United States v. Alma*, 2020 U.S. Dist. LEXIS 61588, at *6-7 (E.D. Mich. 2020) *with United States v. Russo,* 2020 WL 1862294, at *4 (S.D.N.Y. April 3, 2020).With such disagreement, the Court's conclusion that it does not have the authority to waive § 3582(c)(1)(A)'s exhaustion requirement cannot be in clear error.

Finally, review of the Motion for Reconsideration is not necessary to prevent manifest injustice because it is doubtful that Turhani is entitled to relief. Turhani's goal is to be placed on home confinement. He asserts that he deserves this because Elkton has a COVID-19 outbreak. Turhani does not allege that he is at risk of COVID-19 or, for that matter, has any medical conditions. If Turhani were correct that he is entitled to home confinement under these circumstances, it would mean that every federal inmate in every jail and prison where there is an outbreak of COVID-19 is entitled to be released on home confinement. The Court very seriously doubts this conclusion. Therefore, without deciding with certainty whether Turhani is entitled to be released on home confinement, the Court concludes that it need not consider his Motion for Reconsideration in order to prevent manifest injustice.

For these reasons, Turhani's Motion for Reconsideration, **Doc #: 111**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 30, 2020*
 **Dan Aaron Polster**
 **United States District Judge**