**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:16 CR 105** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **RINALD TURHANI,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Rinald Turhani's Emergency Motion for Reduction in Sentence Pursuant to 18 USC § 3582(c)(1)(A)(I), as amended by § 603(b)(1) of the First Step Act of 2018, Pub.L.115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). **Doc #: 113**. This is Turhani's third attempt seeking release from FCI Elkton due to his fears of contracting COVID-19 while incarcerated. For the following reasons, the Motion is **DENIED**.

**I.**

First, Turhani filed an Emergency Motion for Immediate Sentence Modification to Home Confinement pursuant to § 3582(c)(1)(A)(i). Doc #: 108. The Court denied the motion because Turhani failed to attempt, let alone exhaust, his administrative remedies–something the district court does not have authority to waive. *Id*. at 2 (citing *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)). Doc #: 110.

Next, Turhani filed a Motion for Reconsideration, arguing that § 3582(c)(1)(A)(i) is not only an exhaustion statute but a timeliness statute subject to equitable exceptions. Doc #: 112. The Court denied the motion because (1) Turhani failed to raise this argument in the previous motion, (2) the law on waiving exhaustion hasn't changed, and (3) there is no clear error because there is a circuit split on whether exhaustion under § 3582(c)(1)(A)(i) can be waived. *Id*. at 2.

The Court observed that review of the motion on the merits was unnecessary to prevent manifest injustice in any event because Turhani was unlikely entitled to relief.

> Turhani does not allege that he is at risk of COVID-19 or, for that matter, has any medical conditions. If Turhani were correct that he is entitled to home confinement under these circumstances, it would mean that every federal inmate in every jail and prison where there is an outbreak of COVID-19 is entitled to be release on home confinement. The Court very seriously doubts this conclusion.

*Id*. at 3.[1]

Now, Turhani asks the Court to resentence him to time-served or, alternatively, a sentence of time-served followed by a term of supervised release not to exceed the balance of his original prison sentence due to COVID-19. Doc #: 113. Turhani states that he is a 41 year-old man; he has no prior criminal history other than an assault and battery misdemeanor before his present conviction; and, just prior to the COVID-19 outbreak, he was set to be transferred to the BOP's Residential Drug Abuse Program ("RDAP") as the end of his sentence is approaching.

Turhani recently served the warden with an administrative request for sentence reduction, which the warden received on April 28, 2020. Respectively, Doc ##: 113-1, 113-2. The warden denied Turhani's request under the BOP's priority program, i.e., the CARES Act and the Attorney General's directives dated March 26, 2020 and April 3, 2020. Given the surge in COVID-19 at select sites such as FCI Elkton, the Attorney General authorized the BOP to immediately review all inmates who have COVID-19 risk factors, as described by the CDC, to determine which inmates would be suitable for home confinement. The warden, having conducted that review, denied Turhani's request, stating,

---

[1] The Court also notes that it does not have the authority to order home confinement. *United States v. Miller*, Case No. 2:17 CR 87, 2017 WL 5514528, at *1 (S.D. Ohio Nov. 16, 2017); *United States v. Hardin*, No. 1:19 CR 240, Doc#: 21 at 2 (N.D. Ohio Apr; 7, 2020).

> Because inmate Turhani has served 45.9% of his court ordered sentence and has more than 18 months remaining to serve and he has a history of violence, he is not eligible for placement on Home Confinement at this time.

Doc #: 113-2 at 1. Because 30 days lapsed since the warden received Turhani's request, the Court may now reach the merits pursuant to § 3582(c)(1)(A)(i).

## II.

Before granting a sentence modification under § 3852(c)(1)(A)(i), a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Hardin*, No. 1:19 CR 240, Doc #: 25 at 4 (N.D. Ohio May 22, 2020); *United States v. Little*, No. 1:18 CR 308, Doc #: 29 at 2 (N.D. Ohio May 23, 2020).

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Specifically, the note describes when a defendant's medical condition (subsection A), health and age together (subsection B), or family circumstance (subsection C) qualifies for compassionate release. *Id*. Subsection D applies if there exists in a defendant's case, an extraordinary and compelling reason *other than*, . . . the reasons asserted in (A) through (C). Because Turhani does not satisfy subsections (A) through (C), the Court considers only subsection D. See, e.g., *Hardin*, No. 1:19 CR 240, Doc #: 25 at 5-6; *Little*, No 1:18 CR 308, Doc #: 29 at 2-3.

To determine whether "other reasons" warrant modification under subsection D, the defendant must show that: (1) he is at high risk of having grave complications should he contract COVID-19, and (2) the prison where he is held has a severe COVID-19 outbreak. *Id*. at 6-7.

Turhani fails in the first instance. Despite three attempts seeking release from FCI Elkton, he has not even suggested he has a CDC risk factor that could seriously compromise his health should he contract COVID-19. Furthermore, he may be an asymptomatic carrier of the virus who would pose a health threat to others should he be released or transferred. The Court is not unsympathetic to Turhani's position. His fears regarding confinement at FCI Elkton during the coronavirus outbreak at that facility are undoubtedly legitimate. However, the existence of a pandemic does not authorize the undersigned to usurp the BOP's authority and empty prisons. *United States v. Brown*, No. 5:18 CR 111, Doc #: 48 at 3 (N.D. Ohio May 21, 2020). It is the BOP, not the Court, that has the most up-to-date knowledge on the status of the virus at FCI Elkton and what remedial measures are required. *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ .

Because Turhani fails the first prong of the "extraordinary and compelling reasons" test, the Court need not determine whether he poses a danger to others should he be released or whether reduction is appropriate considering the § 3553(a) sentencing factors. *Hardin*, No. 1:19 CR 240, Doc #: 25 at 4; *Little*, No. 1:18 CR 308, Doc #: 29 at 2.

### III.

Accordingly, for the foregoing reasons, the Motion, **Doc #: 113**, is hereby **DENIED**.[2]

**IT IS SO ORDERED.**

/s/ *Dan A. Polster     June 2, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

[2] The Court also notes that Turhani does not fall within the category of medically vulnerable inmates at FCI Elkton who are subject to injunctive relief under *Williams v. Wilson*, No. 4:20 CV 794, 2020 WL 1940882 (N.D. Ohio Apr.22, 2020).